IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD BAGGETT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1277 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Richard Baggett, a prisoner of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), has filed a federal petition pursuant to 28 U.S.C. § 2254 challenging a state court judgment. This action will be transferred to the United States Court of Appeals for the Fifth Circuit because it is a successive habeas challenge.

**I.   Procedural History**

A jury found Baggett guilty of aggravated sexual assault and sentenced him to fifty years in the TDCJ-CID. State v. Baggett, No. 499,799 (179th Dist. Ct. Harris County, Feb. 15, 1989). Baggett filed a direct appeal, and the Court of Appeals for the Fourteenth District of Texas affirmed the trial court's judgment. Baggett v. State, No. 14-89-00165-CR (Tex. App. -- Houston [14th Dist.] Oct. 19, 1989). The Texas Court of Criminal Appeals refused Baggett's petition for discretionary review (PDR) on January 17, 1990, and again on February 20, 2000. See Website for Fourteenth Court of Appeals, http://www.14thcoa.courts.state.tx.us.

On June 28, 1994, Baggett filed a state application for a writ of habeas corpus. The application was forwarded to the Court of Criminal Appeals, which denied it without a written order on June 14, 1995. Ex parte Baggett, No. 28,585-01. A second applica-tion was filed on November 29, 1999, and was dismissed for abuse of the writ on June 28, 2000. Ex parte Baggett, No. 28,585-02.

Prior to filing the present action, Baggett filed a federal petition for a writ of habeas corpus challenging his aggravated sexual assault conviction. The United States District Court for the Southern District of Texas dismissed the petition after determining that it was untimely under the provisions of 28 U.S.C. § 2244(d). Baggett v. Cockrell, No. H-01-0616 (S.D. Tex. Nov. 9, 2001).

In 2002 Baggett filed a motion for post-conviction DNA testing of a tissue sample taken from the victim. The trial court granted the motion; however, the test results were inconclusive, and the court denied further relief. Baggett appealed, and the Fourteenth Court of Appeals affirmed. <u>Baggett v. State</u>, 110 S.W.3d 704 (Tex. App. -- Houston [14th Dist.] 2003). The Court of Criminal Appeals refused to grant a PDR on January 28, 2004. Baggett filed another state habeas application, which was dismissed on September 22, 2004. <u>Ex parte Baggett</u>, No. 28,585-03. Baggett then filed a motion for leave to file a petition for a writ of mandamus. The Court of Criminal Appeals denied permission on September 15, 2004. <u>Ex parte Baggett</u>, No. 28,585-04.

## II.  **Grounds Raised**

Baggett presents the following grounds for relief in the instant petition:

1.  Evidence regarding Baggett's insanity and his DNA was withheld.

2.  Baggett was denied effective assistance at trial because his attorney failed to raise the insanity defense.

3.  Baggett was denied effective assistance of counsel on appeal because his attorney filed a brief based upon an incomplete record and failed to address a conflict of interest.

4.  Baggett was denied the right of appeal because the record was incomplete and did not support the appellate court's findings.

### III.  Analysis

As noted above, the United States District Court for the Southern District of Texas has previously dismissed Baggett's habeas challenge to his aggravated sexual assault conviction because it was filed more than a year after the judgment became final.  Although Baggett sought and obtained an order for DNA testing from the state district court, there is no indication that any new evidence was found that was determinative and unavailable when Baggett was first convicted.  Moreover, grounds presented in the instant petition (ineffective assistance of counsel, incomplete records, and insanity defenses) are unrelated to the grounds raised in Baggett's appeal relating to the DNA testing. Accordingly, it appears that the current habeas petition is also time-barred under 28 U.S.C. § 2244(d).

Regardless of the timeliness of the current petition, it is not the first such challenge presented in federal court.  Advance permission from the Court of Appeals is a prerequisite to filing a successive habeas petition.  28 U.S.C. § 2244(b); Crone v. Cockrell, 324 F.3d 833 (5th Cir. 2003).  The primary purpose of this requirement is to eliminate repetitious judicial consideration of convictions and sentences.  See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000), citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).

There is no showing that the United States Court of Appeals for the Fifth Circuit has granted Baggett permission to file a second habeas petition.  A district court cannot rule on the merits of a successive petition that has been filed without such approval.

Crone, 324 F.3d at 838; Lopez v. Douglas, 141 F.3d 974, 975-76 (10th Cir. 1998).  Accordingly, this action will be transferred to the Fifth Circuit Court of Appeals.

### IV. Conclusion and Order

This action is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  The Clerk shall transmit copies of the entire file to the Chief Deputy Clerk for the United States Court of Appeals for the Fifth Circuit.

**SIGNED** at Houston, Texas, on this 15th day of July, 2005.

Sim Lake
United States District Judge